UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
======================================X
RON WILSON,

                Plaintiff,

   -against-

SUFFOLK COUNTY, New York
TIMOTHY SINI, Individually, MARY
SKIBER, Individually, STUART CAMERON,
Individually, NICHOLAS LORUSSO,
Individually, and JOHN DOES 1-10, Individually,

                Defendants.

======================================X

**ANSWER**

21-cv-3716(JS)(SIL)

**JURY TRIAL DEMANDED**

Defendants, County of Suffolk (sued herein as Suffolk County, New York), Timothy Sini, Mary Skiber and Nicholas LoRusso by their attorney, Dennis M. Cohen, Suffolk County Attorney, by Arlene S. Zwilling, Assistant County Attorney, answering plaintiff's complaint respectfully:

1.     Aver that the allegations contained in the paragraphs numbered 1, 2, 3 and 4 of the complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

2.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 5, 18, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89 and 90 of the complaint.

3.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 12, 13, 14, 15, 16, 22, 23, 24, 25, 26, 27, 28, 29 and 30 of the complaint, and refer all questions of law to the Court.

4. Deny, upon information and belief, the allegations contained in the paragraphs numbered 7, 8, 9, 10, 11, 17, 19, 20, 21, 31, 63, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175 and 176 of the complaint, and refer all questions of law to the Court.

## AS TO THE FIRST CAUSE OF ACTION

5. Answering the paragraph numbered 177 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

6. Deny, upon information and belief, the allegations contained in the paragraphs numbered 178 and 179 of the complaint.

## AS TO THE SECOND CAUSE OF ACTION

7. Answering the paragraph numbered 180 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

8. Deny, upon information and belief, the allegations contained in the paragraphs numbered 181 and 182 of the complaint.

## AS TO THE THIRD CAUSE OF ACTION

9. Answering the paragraph numbered 183 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

10. Deny, upon information and belief, the allegations contained in the paragraphs numbered 184 and 185 of the complaint.

## AS TO THE FOURTH CAUSE OF ACTION

11. Answering the paragraph numbered 186 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

12. Deny, upon information and belief, the allegations contained in the paragraphs numbered 187 and 188 of the complaint.

## AS TO THE FIFTH CAUSE OF ACTION

13. Answering the paragraph numbered 189 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

14. Deny, upon information and belief, the allegations contained in the paragraphs numbered 190 and 191 of the complaint.

## AS TO THE SIXTH CAUSE OF ACTION

15. Answering the paragraph numbered 192 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

16. Deny, upon information and belief, the allegations contained in the paragraph numbered 193 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

17. That the complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

18. That the damages sustained by plaintiff, if any, were caused by the plaintiffs own culpable and/or negligent conduct.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

19. That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

20. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiffs constitutional rights.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

21. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiffs constitutional rights.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

22. That this Court should not proceed in the absence of parties who are indispensable to the determination of this action, which parties plaintiff has failed to join.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

23. That defendants' actions, if any, were justified by the facts and circumstances presented.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

24. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official dunes and responsibilities.

25. That defendants acted in what they did stilt pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

26. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

27. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

28. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

WHEREFORE, defendants demand judgment against the plaintiff dismissing the complaint, together with the costs., disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

DATED: Hauppauge, New York
       October 14, 2022

                              Yours etc.,
                              Dennis M. Cohen
                              Suffolk County Attorney
                              Attorney for County of Suffolk,
                              Timothy Sini, Mary Skiber and Nicholas LoRusso
                              H. Lee Dennison Building
                              100 Veterans Memorial Highway
                              Hauppauge, New York 11788

                 By:    */s/ Arlene S. Zwilling*
                              Arlene S. Zwilling
                              Assistant County Attorney

To:

Amy Bellantoni, Esq.
The Bellantoni Law Firm, PLLC
2 Overhill Road, Suite 400
Scarsdale, New York 10583